UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY PATRICK MANKINI,<br>Plaintiff,<br>v.<br>LUIS GARNICA,<br>Defendant. | No. 2:25-cv-02597-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a motion requesting a subpoena. ECF Nos. 2, 7, 9.

Leave to Proceed In Forma Pauperis

Plaintiff's application fails to make the showing required by 28 U.S.C. § 1915(a)(1) and (2). The certificate portion of the request, which must be completed by plaintiff's institution of incarceration, has not been filled out. Plaintiff will be provided the opportunity to submit a completed in forma pauperis application in support of the application.

////

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

////

Screening Order

Plaintiff alleges that he slipped and fell on an unmarked puddle at Mule Creek State Prison (MCSP) on March 5, 2025. ECF No. 1. In the Ninth Circuit, slip-and-fall incidents in prisons generally fail to state cognizable constitutional claims. *Julian v. Valley State Prison*, No. 1:23-cv-00013-SAB (PC), 2023 U.S. Dist. LEXIS 85043, *5 (E.D. Cal. May 15, 2023). A slip-and-fall incident may give rise to a cognizable claim only if accompanied by exacerbating conditions—conditions that pose a serious, unavoidable threat to the plaintiff's safety. *Id.* Thus, courts routinely dismiss slip-and-fall cases brought by prisoners as alleging mere negligence, even where defendants knew of and failed to remedy a hazardous condition on the floor. *Collier v. Garcia*, No. 17-CV-05841 LHK (PR), 2018 U.S. Dist. LEXIS 16909, at *3 (N.D. Cal. Jan. 31, 2018) (collecting cases). *See generally, Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023) ("Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. This standard is higher than gross negligence and requires a culpable mental state.") (internal citations and quotation marks omitted). Plaintiff has not alleged exacerbating conditions that would show deliberate indifference rather than gross negligence.

This claim additionally fails because it is alleged solely against Luis Garnica, warden of MCSP. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Accordingly, the complaint must be dismissed for failure to state a cognizable claim.

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Motion for Subpoena</u>

Plaintiff asks the court to issue a subpoena for certain video surveillance footage. ECF No. 9. As plaintiff has not stated a cognizable claim, the motion is premature and must be denied.

<u>Conclusion</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 2, 7) is DENIED.
2. The Clerk of Court is directed to send plaintiff this court's form application to proceed in forma pauperis.
3. Plaintiff shall have 30 days from the date of this order to submit a proper application to proceed in forma pauperis or pay the filing fee.
4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order.
5. Plaintiff's motion for subpoena (ECF No. 9) is DENIED.
6. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: September 24, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE